FINMAN *v.* UNITED STATES (No. 1081).[1]

AFFIDAVIT OF THE "OWNER," TREASURY REGULATIONS.
     Section 2 (T. D. 31623) of the Treasury Regulations governing the importation of artistic antiquities requires an "affidavit of the owner."    The affidavit here was made by the consignee.    By the terms of the tariff law, subsection 1 of section 28, the consignee is to be deemed the owner of the property consigned; and it will be assumed the Treasury Regulations were framed in view of this provision of law. Compliance was shown here as to the affidavit.

United States Court of Customs Appeals, May 23, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30230 (T. D. 32884).

[Reversed and remanded.]

*Brown & Gerry* for appellant.
*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Charles Duane Baker*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
This case relates to an importation of furniture which was assessed for duty as furniture and is claimed to be exempt from duty under the last clause of paragraph 717 of the tariff act of 1909 as works of art produced more than 100 years prior to the date of the importation.    It would appear that considerable testimony was taken as to

---

[1] Reported in T. D. 33484 (24 Treas. Dec., 880).

the artistic character and antiquity of the various articles embraced in the importation, but when the case came on for final hearing the Board of General Appraisers did not pass upon the merits of the case as shown by the testimony, but overruled the protest on the ground that the regulations of the Secretary of the Treasury had not been complied with.

The paragraph makes free entry subject to such regulations as to proof of antiquity as the Secretary of the Treasury shall prescribe.

The regulations prescribed by the Secretary of the Treasury in T. D. 31263, section 2, required that the importers shall produce upon entry two documents, one called the "affidavit of the owner" and the other the "declaration of the foreign seller or shipper." Forms are given for each.

It appears in the present case that the goods are not owned by E. H. Finman, the importer, but are consigned to him for sale, and the affidavit of the owner is made in the present case by Finman, the consignee. The board held that this was not a sufficient compliance with the regulations, as Mr. Finman is not the owner of the goods, but only the consignee. This involves the question as to the sense in which the word "owner" is used in the regulations prescribed by the Secretary of the Treasury under the authority of the statute in question.

A stipulation was afterwards entered into as a basis for an application for a rehearing, in which the Assistant Attorney General stipulated that the word "owner" is used by the department in connection with the affidavit required as referring to the ultimate consignee in cases where goods are consigned for sale in the United States for account of a foreign owner. While this stipulation could not control the decision of the board or of this court on review as to a question of law already passed upon by the board, it is significant as showing the present attitude of the Government authorities on the question, and we think also that this view has ample support in subsection 1 of section 28 of the tariff law, which provides "that all merchandise imported into the United States shall, for the purpose of this act, be deemed and held to be the property of the person to whom the same is consigned." It must be assumed that the regulation of the Secretary of the Treasury was made in view of this provision, and that in providing for an affidavit by the owner it was intended to use the term in the sense in in which it is employed in the tariff act.

We think, therefore, it was error to rest the case upon the ground stated in the opinion of the board. It results that the parties never have had the benefit of a finding by the board upon the testimony adduced. We think the better practice, therefore, is to *reverse* the decision on the ground stated and remand the case to the Board of General Appraisers for further proceedings.

It is so ordered.